# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| MARK JACOB JONES, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:17-cv-0451-WTL-MJD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**Entry Dismissing Insufficient Claims and Directing Further Proceedings**

**I.**

The plaintiff's motion to proceed *in forma pauperis*, Dkt. No. 5, is **granted**. He is assessed an initial partial filing fee of Twenty One Dollars ($21.00). He shall have **through November 20, 2017,** to pay this sum to the clerk.

**II.**

The plaintiff, Mark Jacob Jones, is currently an inmate at the United States Penitentiary in Terre Haute, Indiana ("USP-TH"). In his complaint he alleges that he suffers from congestive heart failure for which he takes multiple medications and has a pacemaker. He alleges that the defendant is deliberately indifferent to his medical condition based on the allegedly terrible living conditions at USP-TH which has negatively impacted his congestive heart failure. This claim is brought against the United States of America pursuant to the Federal Tort Claims Act. 28 U.S.C. § 2671, *et seq.*

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

from a defendant who is immune from such relief." *Alvarado v. Litscher*, 267 F.3d 648, 650 (7th Cir. 2001).

To satisfy the notice-pleading standard of Rule 8 of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(internal quotations omitted). *Pro se* complaints are construed liberally and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation omitted); *see also Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### III.

"Relief from misconduct by federal agents may be obtained either by a suit against the agent for a constitutional tort under the theory set forth in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), or by a suit against the United States under the [FTCA] . . . which permits claims based upon misconduct which is tortious under state law, 28 U.S.C. § § 1346(6), 2680." *Sisk v. United States,* 756 F.2d 497, 500 n.4 (7th Cir. 1985).

The FTCA provides that: "the district courts, …, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful

act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

The complaint can be understood to allege a FTCA claim for negligence against the United States. Mr. Jones alleges the United States is negligent because it has allowed the following conditions to exist at USP-TH: asbestos, water that is contaminated with arsenic, radium and lead, lead paint throughout the facility, inadequate ventilation, and mold and mildew in the showers. Although evidence is not required at the screening stage, there must be facts alleged beyond the speculative level. At this point, the allegations in the complaint are merely speculative and conclusory. The complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Because of the extreme nature of the alleged conditions, i.e. the presence of asbestos, arsenic, radium and lead, Mr. Jones must do better than simply saying such conditions exist. The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan,* 511 U.S. 825, 114 S. Ct. 1970, 1976 (1994).

Mr. Jones also alleges there is not an emergency call button in this cell. However, the complaint fails to allege that Mr. Jones was injured by the absence of an emergency call button or that the presence of one is anything more than his preferred mean of communication.

Even liberally construed, the Court is unable to identify a cause of action. For these reasons, the complaint must be dismissed for failure to state a claim. The dismissal of the complaint will

not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have **through November 20, 2018,** in which **to file an amended complaint.**

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; and (c) the amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury. The plaintiff must state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint should have the proper case number, 2:17-cv-0451-WTL-MJD and the words "Amended Complaint" on the first page. If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above.

**IT IS SO ORDERED**.

Date:10/18/17

Distribution:

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

MARK JACOB JONES, SR.
28222-018
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL
CORRECTIONAL INSTITUTE

Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808